COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-173-CR
 
 
ELBERT ROY DARNELL, JR.                                                    APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT 
COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Elbert Roy Darnell, Jr. raises three points concerning the denial of his request 
for forensic DNA testing.  We will affirm.
Factual and 
Procedural Background
        Patricia 
Giles was murdered on the night of November 6, 1986.  In 1987, a jury found 
Appellant guilty of Giles’s murder and sentenced him to a life term.  We 
affirmed his conviction in Darnell v. State, No. 02-87-000262-CR (Tex. 
App.—Fort Worth Jan. 27, 1989, pet. ref’d) (not designated for publication).  
On October 17, 2001, Appellant filed a request for appointment of counsel 
pursuant to article 64 of the code of criminal procedure, and the trial court 
appointed counsel after finding Appellant to be indigent.  With the 
assistance of counsel, Appellant then filed a motion for post-conviction 
forensic DNA testing on October 9, 2002, and the trial court denied 
Appellant’s request.
        According 
to Appellant’s brief, after submission of additional information and a 
conference among the trial court and the two parties, the court agreed to 
reconsider its prior ruling.  On May 2, 2003, the trial court conducted a 
hearing and once again denied Appellant’s request, stating on the record that 
it did not find that Appellant had met the requirements of article 64.03 
specifically regarding the issue of identity.  The trial court also signed 
an order that reads as follows:
 
MEMORANDUM 
AND ORDER
 
The 
Court finds that the defendant has failed to meet the requirements of article 
64.03 of the Code of Criminal Procedure for forensic DNA testing in this case.  
Accordingly, the Court denies the defendant’s motion to reconsider his prior 
request for forensic DNA testing.
 
Appellant challenges 
this order on appeal.
Standard of 
Review
        In 
reviewing a trial court’s decision on a request for DNA testing, we employ a 
bifurcated standard of review.  Rivera v. State, 89 S.W.3d 55, 59 
(Tex. Crim. App. 2002) (citing Guzman v. State, 955 S.W.2d 85, 89 (Tex. 
Crim. App. 1997)); Garrett v. State, No. 02-03-000356-CR, slip op. at 2, 
2004 WL 541184, at *1 (Tex. App.—Fort Worth Mar. 18, 2004, no pet. h.).  
“We defer to the ‘trial court’s determination of issues of historical fact 
and application-of-law-to-fact issues that turn on credibility and demeanor, 
while we review de novo other application-of-law-to-fact issues.’”  Whitaker 
v. State, No. 74612, 2004 WL 63981, at *2 (Tex. Crim. App. Jan. 14, 2004) 
(quoting Rivera, 89 S.W.3d at 55); Garrett, slip op. at 2, 2004 WL 
541184, at *1; see also Guzman, 955 S.W.2d at 89.
Discussion
        In 
his first issue, Appellant argues that the trial court erred by denying his 
request for DNA testing pursuant to article 64.03 of the Texas Code of Criminal 
Procedure.  See Act of Apr. 3, 2001, 77th Leg., R.S., ch. 
2, § 2, 2001 Tex. Gen. Laws 2, 3-4, (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03 
(Vernon Supp. 2004)).  To obtain DNA testing under article 64.03, a 
defendant has the burden to establish several statutory requirements.[2]  See id.; Bell v. State, 90 S.W.3d 301, 
306 (Tex. Crim. App. 2002) (holding that convicting court must order DNA testing 
only if the statutory conditions are met); Rivera, 89 S.W.3d at 55.  
The only requirements at issue in this appeal, however, are whether the identity 
of Appellant was or is at issue in his case and whether, if exculpatory results 
had been obtained through DNA testing, a reasonable probability exists that 
Appellant would not have been prosecuted or convicted.  See Tex. Code Crim. Proc. Ann. art. 
64.03(a)(1)(B); Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 
2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 
64.03(a)(2)(A)).  On the latter issue, the court of criminal appeals has 
stated that a convicted person is not entitled to DNA testing that would 
“merely muddy the waters” rather than indicate innocence.  Kutzner 
v. State, 75 S.W.3d 427, 439 & n.27 (Tex. Crim. App. 2002).
        With 
respect to the identity requirement, article 64 “requires that identity ‘was 
or is’ an issue, not that future DNA testing could raise the issue.”  Bell, 
90 S.W.3d at 308.  Further, identity is not at issue for purposes of 
post-conviction forensic DNA testing when a defendant confesses.  Id. 
at 308.  Here, Appellant complains that “no independent physical evidence 
links [him] to the murder.”  He points out that during trial the State 
offered evidence of a sexual assault of Giles believed to have taken place 
before she died and argues that biological evidence should be tested to 
determine whether Appellant committed the sexual assault because the “sexual 
assault was inextricably woven into the proof of this murder.”
        The 
State refers us to Appellant’s pre-trial statement, in which he admitted to 
being present with Giles at the time of her death.  Appellant stated in 
writing that he and Giles were in a motel room, she first started “breathing 
funny,” and then she suddenly stopped breathing.  He also stated that, 
when he realized Giles was dead, he took her body and dumped it in Sylvania 
Park.  After Giles’s body was discovered, a medical examiner performed an 
autopsy on the body and determined, contrary to Appellant’s claims that Giles 
had died of an alcohol or drug overdose, that she had died of manual 
strangulation.[3]  The State also points to 
evidence that Appellant told his sister-in-law that he had rescued Giles from a 
fight with her husband and, while they were sitting in the car talking, she 
suddenly died.  Appellant repeated this story to his brother.
        Appellant 
acknowledges in his brief that he admitted to being present at the time and 
place of Giles’s death, to moving her body after she had died, and to telling 
inconsistent stories to family members.  We agree with the State that 
identity was not and is not at issue because Appellant did not dispute being 
with Giles at the time and place of her death, having admitted to both; rather, 
he disputed being the cause of her death, a claim that was refuted by the 
autopsy results.  See Tex. 
Code Crim. Proc. Ann. art. 64.03(a)(1)(B); Bell, 90 S.W.3d at 308.
        Accordingly, 
we hold that the trial court did not err in denying Appellant’s motion for 
forensic DNA testing under article 64 or his motion to reconsider the denial of 
his request for DNA testing.  In light of this holding, we need not address 
the State’s alternative argument that Appellant also failed to satisfy the 
statutory requirement of showing that there is a reasonable probability he would 
not have been prosecuted or convicted if exculpatory results had been obtained 
though DNA testing.  See Tex. 
R. App. P. 47.1; Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, 
§ 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003).  We overrule Appellant’s 
first issue.
        In 
his second issue, Appellant complains that the order of the convicting court is 
legally insufficient to comply with the requirements of article 64 of the code 
of criminal procedure.  Specifically, Appellant argues that the trial 
court’s order fails to set out any findings of fact or specific conclusions of 
law to inform Appellant or us how he has failed to meet the requirements of 
article 64.03.  Appellant requests that we remand this case with 
instructions to the trial court to conduct further proceedings in order to 
render a legally sufficient order, with findings of fact and conclusions of law.
        Here, 
while the trial court stated at the conclusion of the hearing that Appellant did 
not demonstrate that identity was at issue, the court’s order states only that 
Appellant “failed to meet the requirements of article 64.03.”  The 
State argues that the order is sufficient because the trial court is not 
required to issue specific findings of fact regarding the denial of a request 
for post-conviction forensic DNA testing.[4]  See 
Skinner v. State, 122 S.W.3d 808, 812-13 (Tex. Crim. App. 2003).  In Skinner, 
the court of criminal appeals held a trial court’s order that denied the 
appellant’s request for DNA testing and “found that the appellant failed to 
meet the standards required by 64.03(a)(2)(A) and 64.03(a)(2)(B)” to be 
sufficient. Id. at 812.  The Skinner court stated that while 
such a finding may not be adequate in every case and more detailed findings 
could be beneficial to facilitate appellate review, the trial court’s order 
was sufficient based on the court’s review of the record.  Id. at 
813.
        Based 
on our review of the record in this case, we hold that the trial court’s order 
was sufficient to comply with article 64.  See Act of Apr. 3, 2001, 
77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2-5 (amended 
2003); Skinner, 122 S.W.3d at 813.  We therefore overrule 
Appellant’s second issue.
        In 
his third issue, Appellant contends that he has been denied an opportunity to 
develop allegedly exculpatory evidence via forensic DNA testing because he is a 
pauper.  Appellant maintains that this denial constitutes a violation of 
his due process and equal protection rights under the United States 
Constitution, but he has not articulated any legal basis by which the trial 
court had the authority to order DNA testing.  See State v. Patrick, 
86 S.W.3d 592, 594-95 (Tex. Crim. App. 2002) (holding trial court was “clearly 
and indisputably without jurisdiction” to order DNA testing at the 
appellant’s expense, where the trial court denied appellant’s request for 
DNA testing under article 64, even though the appellant represented that he was 
willing to pay for the testing).  In this case, we have upheld the trial 
court’s denial of Appellant’s request for DNA testing due to his failure to 
meet the requirements set forth in article 64 of the code of criminal procedure.  
See Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 
Tex. Gen. Laws 2, 3-4 (amended 2003).  Accordingly, we hold that 
Appellant’s constitutional rights were not violated because the trial court 
lacked jurisdiction to order forensic DNA testing—even were he able to pay.  
See Patrick, 86 S.W.3d at 594-95.  We overrule Appellant’s third 
issue.
Conclusion
        Having 
overruled all three of Appellant’s issues, we affirm the trial court’s 
judgment.
 
  
                                                          ANNE 
GARDNER
                                                          JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and GARDNER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 13, 2004

 
NOTES
1.  See Tex. R. App. P. 47.4.
2.  Although article 64 was amended 
in 2003, this appeal is governed by the 2001 law.  See Act of Apr. 
25, 2003, 78th Leg., R.S., ch. 13, §§ 8, 9, 2003 Tex. Gen. Laws 16, 
17 (providing that former law governs motions for DNA testing filed before 
September 1, 2003).  Former article 64.03(a) provides:
(a) A convicting court may order forensic DNA testing 
under this chapter only if:
(1) the court finds that:
(A) the evidence:
(i) still exists and is in a condition making DNA 
testing possible; and
(ii) has been subjected to a chain of custody sufficient 
to establish that it has not been substituted, tampered with, replaced, or 
altered in any material respect; and
(B) identity was or is an issue in the case; and
(2) the convicted person establishes by a preponderance 
of the evidence that:
(A) a reasonable probability exists that the person 
would not have been prosecuted or convicted if exculpatory results had been 
obtained through DNA testing; and
(B) the request for the proposed DNA testing is not made 
to unreasonably delay the execution of sentence or administration of justice.
 
Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, 
§ 2, 2001 Tex. Gen. Laws 2, 3-4 (amended 2003).
3.  On direct appeal, we stated 
that the medical examiner determined the cause of Giles’s death “[b]ased on 
a number of factors, including damage to the victim’s neck area overlying 
major blood vessels which supply the brain, and finger marks around the neck.”  
Darnell, No. 02-87-00262-CR, slip op. at 5.  We also stated that the 
medical examiner “testif[ied] that the victim’s injuries and death could not 
have been caused by caffeine poisoning” or by the victim choking or drowning 
in her own vomit.  Id. at 4-5.
4.  The State points out that, 
although article 64 does not explicitly require a court to make specific 
findings before denying a request for post-conviction DNA testing, former 
article 64.04 does specifically require a finding to be made at another phase of 
the proceedings:
After examining the results of testing under Article 
64.03, the convicting court shall hold a hearing and make a finding as to 
whether the results are favorable to the convicted person.  For purposes of 
this article, results are favorable if, had the results been available before or 
during the trial of the offense, it is reasonably probable that the person would 
not have been prosecuted or convicted.
 
Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, 
§ 2, 2001 Tex. Gen. Laws 2, 4 (amended 2003) (emphasis supplied).